NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KORY T. O'BRIEN, | No. 22-15258 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00741-JLT-SAB |
| v. | |
| K. E. SAID; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted January 22, 2024[**]

Before:  O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

California state prisoner Kory T. O'Brien appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs.  We affirm.

The district court properly granted summary judgment because O'Brien

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

failed to raise a genuine dispute of material fact as to whether Dr. Said was deliberately indifferent to O'Brien's medical record indicating an elevated cholesterol level, or deliberately indifferent by failing to provide treatment for that condition, which could have contributed to O'Brien's heart attack. A doctor's failure immediately to prescribe a statin after one elevated cholesterol reading in a patient like O'Brien was not shown to constitute deliberate indifference to a serious medical need. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard a risk to the prisoner's health; medical malpractice, negligence or difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We deny O'Brien's request for judicial notice of the contents of several medical articles. *See Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010) (explaining that courts may not take judicial notice of publications for the purpose of showing that the contents of the publications were in fact true).

We deny O'Brien's motion for default judgment.

**AFFIRMED.**

2